UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SPRINGBROOK RESERVE CONDOMINIUM ASSOCIATION, a Washington Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMCO INSURANCE COMPANY, an Iowa Corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

The Springbrook Reserve Condominium Association (the "Association") alleges as follows:

## I.  INTRODUCTION

1.1   This is an action for declaratory judgment, breach of contract, bad faith violations, Consumer Protection Act ("CPA") violations, and money damages seeking:

(A)   A declaration of the rights, duties, and liabilities of the parties with respect to certain controverted issues under Defendant AMCO Insurance Company ("AMCO") insurance policies issued to the Association. The Association is seeking a ruling that the AMCO policies provide coverage for hidden damage at the Condominiums of Springbrook Reserve and that AMCO is liable for money damages for the cost of repairing hidden damage at the Condominiums of Springbrook Reserve.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

(B)   Damages for bad faith, breach of contract, and violations of the CPA against AMCO.

(C)   Attorneys' fees and costs (including expert witness fees) against AMCO.

(D)   Any other relief the Court deems just and equitable.

## II.   PARTIES AND INSURANCE CONTRACTS

2.1   <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Condominiums of Springbrook Reserve. The Condominiums of Springbrook Reserve consist of three (3) three-story buildings containing thirty-nine (39) units located in Seattle, Washington.

2.2   <u>AMCO Insurance Company</u>. AMCO Insurance Company ("AMCO") sold property insurance policies to the Association, including, but not limited to, Policy Nos. ACP BPH 7505241289 (09/28/2011 – 09/28/2012) and ACP BPH 7515241289 (09/28/2012 – 09/28/2013), which identified the Condominiums of Springbrook Reserve as covered property. AMCO is an Iowa domiciled insurer with its principal place of business in Des Moines, Iowa. AMCO is registered and authorized to sell insurance in Washington.

2.3   <u>Doe Insurance Companies 1–10</u>. Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Condominiums at Springbrook Reserve as covered property.

2.4   <u>Springbrook Reserve Insurers</u>. AMCO and Doe Insurance Companies 1–10 shall be collectively referred to as the "Springbrook Reserve Insurers."

2.5   <u>Springbrook Reserve Policies</u>. The policies issued to the Association by the Springbrook Reserve Insurers shall be collectively referred to as the "Springbrook Reserve Policies."

## III.   JURISDICTION AND VENUE

3.1   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

3.2     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Springbrook Reserve Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium buildings are located in King County.

## IV.     FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of Paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Tender to AMCO</u>. On April 12, 2021, the Association tendered an insurance claim to AMCO for recently discovered hidden damage to exterior sheathing and framing at the Condominiums of Springbrook Reserve. The Association requested that AMCO investigate for any additional hidden damage at the Condominiums of Springbrook Reserve.

4.3     <u>Joint Intrusive Investigation</u>. In March 2022, the Association, including its experts at Evolution Architecture ("Evolution"), and the Association's historical insurers, including AMCO, conducted a joint intrusive investigation at the Condominiums of Springbrook Reserve, which revealed system-wide hidden damage to the sheathing and framing at the exterior walls.

4.4     <u>Evolution's Findings Report</u>. Following the joint intrusive investigation, Evolution prepared its Building Envelope Investigation Findings Report, dated April 20, 2022. Of the eighteen (18) openings made during the joint intrusive investigation, hidden water damage to sheathing and framing was observed at eleven (11) openings (61%). It is Evolution's opinion that the primary cause of the hidden damage at the Condominiums of Springbrook Reserve is water intrusion in the form of rainwater events, including wind-driven rain. According to Evolution, hidden damage at the Condominiums of Springbrook Reserve has occurred incrementally and progressively each year from 2006, and some new damage commenced during each year of the Springbrook Reserve Policies. It is expected that similar levels of damage would be found at other locations not investigated at the Condominiums of Springbrook Reserve. The Association's experts have opined that the cost to repair the hidden damage at the Condominiums of Springbrook Reserve is in excess of $1,600,000.00, well over the jurisdictional limit of $75,000.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

4.5     AMCO's Denial of the Association's Claim. On July 11, 2022, AMCO unreasonably denied the Association's insurance claim.

## V.     FIRST CLAIM AGAINST THE SPRINGBROOK RESERVE INSURERS: DECLARATORY RELIEF THAT THE SPRINGBROOK RESERVE POLICIES PROVIDE COVERAGE

5.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 4.5, above, as if fully set forth herein.

5.2     Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)     That the Springbrook Reserve Policies cover the hidden damage to exterior sheathing and framing at the Condominiums of Springbrook Reserve.

(B)     No exclusions, conditions, or limitations bar coverage under the Springbrook Reserve Policies.

(C)     That the loss or damage to the Condominiums of Springbrook Reserve was incremental and progressive. New damage commenced during each year of the Springbrook Reserve Policies.

(D)     As a result, the Springbrook Reserve Policies cover the cost of investigating and repairing the hidden damage at the Condominiums of Springbrook Reserve.

## VI.     SECOND CLAIM: AGAINST AMCO FOR BREACH OF CONTRACT

6.1     Incorporation by Reference.  The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2     AMCO has contractual duties under the terms of its policies to pay the cost of investigating and repairing the covered damage to the Condominiums of Springbrook Reserve.

6.3     AMCO breached its contractual duties by wrongfully denying coverage on July 11, 2022, and by failing to pay the cost of repairing the covered damage to the Condominiums of Springbrook Reserve.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

6.4     As a direct and proximate result of AMCO's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5     <u>Additional Damages</u>. As a direct and proximate result of AMCO's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

**VII.     THIRD CLAIM: AGAINST AMCO FOR INSURANCE BAD FAITH**

7.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     AMCO had a duty to investigate, evaluate, and decide the Association's claim in good faith. AMCO breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things failing to: (1) acknowledge that weather conditions such as wind-driven rain were one of the causes of the hidden damage at the Condominiums of Springbrook Reserve; (2) acknowledge that weather conditions such as wind-driven rain are covered causes of

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

loss under its policies; (3) acknowledge that the repeated seepage or leakage of water is a covered cause of loss under the AMCO policies issued to the Association; (4) acknowledge that coverage is preserved under the resulting loss provision in its policies; (5) acknowledge that there is coverage under its policies when damage results from a concurrent combination of wind-driven rain and inadequate construction; and (6) failing to define key undefined terms in its policies in favor of the Association as required by Washington law.

7.5     AMCO ignored case law in the Western District of Washington that is directly contrary to the coverage positions taken by AMCO. AMCO unreasonably denied coverage for any and all hidden damage at the Condominiums of Springbrook Reserve. AMCO's self-serving denial does not comport with Washington law or the plain meaning of its own policy language and put AMCO's financial interests ahead of the Association's to the Association's detriment.

7.6     A violation, if any, of one or more of the Washington claims handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. AMCO's conduct violated Washington claims handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require AMCO to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require AMCO to adopt and implement reasonable standards for the prompt investigation of claims.
- Which require AMCO to construe ambiguities in facts, law, or policy language in favor of coverage.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

7.7     AMCO's actions and omissions, including, but not limited to, its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of AMCO's duty of good faith. As a direct and proximate result of these breaches, the Association has been damaged in an amount to be proven at trial.

### VIII.     FOURTH CLAIM: AGAINST AMCO FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 7.7, above, as if fully set forth herein.

8.2     Violations of Washington Administrative Code ("WAC") claims handling standards are per se CPA violations. On information and belief, AMCO's conduct was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of AMCO's violations, the Association has been damaged in an amount to be proven at trial. Under the CPA, the Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees.

### IX.     PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1     Declaratory Judgment Regarding Coverage. A declaratory judgment that the Springbrook Reserve Policies provide coverage as described herein.

9.2     Money Damages. For money damages in an amount to be proven at trial.

9.3     Attorneys' Fees and Costs of Suit. For reasonable attorneys' fees and costs (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4     CPA Penalties.  For CPA penalties against AMCO of up to $25,000 per violation.

9.5     Other Relief.  For such other and further relief as the Court deems just and equitable.

### X.     DEMAND FOR JURY TRIAL

10.1     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

Dated the 29th day of July, 2022.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Daniel J. Stein*
/s/ *Jessica R. Burns*
Jerry H. Stein, WSBA #27721
Justin D. Sudweeks, WSBA #28755
Daniel J. Stein, WSBA #48739
Jessica R. Burns, WSBA #49852
16400 Southcenter Parkway, Suite 410
Tukwila, WA 98188
Email: jstein@condodefects.com
Email: justin@condodefects.com
Email: dstein@condodefects.com
Email: jessica@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660
***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660